UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Soufiane Naji and Peter Panayi,
Plaintiffs,                                    )
                                               )        Case Number:
**V.**                                         )
                                               )
Eiffel Tower Co-Op, Inc.,                      )
Defendant.                                     )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Soufiane Naji and Peter Philippou Panayi (collectively, "Plaintiffs"), proceeding pro se,

allege as follows against Defendant Eiffel Tower Co-Op, Inc. ("Defendant" or "the Co-Op"):

### I. JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction pursuant to *28 U.S.C. § 1331*, because this action

arises under the *Fair Housing Act, 42 U.S.C. §§ 3601–3619*.

2.      This Court is authorized to award damages and equitable relief pursuant to *42 U.S.C. § 3613,*

including compensatory damages, punitive damages, declaratory relief, and injunctive relief.

3.      Venue is proper in this District because the subject property is located in Hackensack, New

Jersey, and the acts and omissions giving rise to these claims occurred within this District.

### II. PARTIES

4.   Plaintiff Peter Philippou Panayi was a co-owner of a cooperative housing unit located at 151

     Prospect Avenue, Hackensack, New Jersey, within the Eiffel Tower Co-Op.

5.   Plaintiff Soufiane Naji was an occupant of the unit and contributed financially with equitable

     interest in the property.

_____

*See United States v. Liu & Liao*, similar conduct has been recognized as unlawful by federal authorities the Department of Justice brought a civil enforcement action under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, against the owners, operators, and board members of a cooperative housing development for refusing to approve a qualified purchaser's application to buy a cooperative apartment based on race, color, national origin, and religion. The case was resolved by a court-approved Consent Decree, pursuant to which the defendants agreed to provide monetary relief to the aggrieved persons, to cease discriminatory practices in the cooperative approval process, and to implement injunctive relief requiring compliance with the Fair Housing Act.

6. Defendant Eiffel Tower Co-Op, Inc. is a corporate entity that owns, manages, and controls a residential cooperative housing management in New Jersey and exercises discretionary authority over the approval or denial of cooperative share transfers.

## III. ADMINISTRATIVE PROCEEDINGS (BACKGROUND ONLY)

7. Plaintiffs previously filed a complaint with the New Jersey Division on Civil Rights ("DCR") regarding some of the facts alleged herein. The DCR matter involved only one prospective buyer.

8. The DCR matter was administratively resolved without testimony, hearings, or sworn statements from Defendant.

9. The DCR determination is not final and does not preclude this action. Plaintiffs bring this action pursuant to *42 U.S.C. § 3613,* which permits a civil action regardless of prior administrative proceedings.

## IV. PROPERTY BACKGROUND

10. Plaintiffs purchased the cooperative unit at issue and began residing there in August 2021.

11. In September 2023, Plaintiffs listed the unit for sale.

12. Plaintiffs received multiple bona fide offers and entered into executed contracts with several prospective buyers.

## V. DEFENDANT'S AUTHORITY AND CONTROL

13. Under Defendant's governing documents, any sale or transfer of a cooperative unit required approval by Defendant's Board of Directors or its designated committees.

14. Defendant controlled the approval process, including timing, documentation requirements, interviews, and discretionary determinations, and maintained a stated six-week review policy.

15. On November 5, 2023, Plaintiffs' real estate agent submitted a fully executed contract to Defendant's property administrator.

16. By November 9, 2023, Plaintiffs' prospective buyers submitted all required application materials and financial documentation requested by Defendant.

## VI. FACTUAL ALLEGATIONS

17. Plaintiffs are members of protected classes under the Fair Housing Act, including national origin and religion, and were perceived by Defendant as non-Jewish.

18. Plaintiffs' prospective buyers were also members of protected classes, including religion, national origin, and race, and were likewise perceived by Defendant as non-Jewish.

19. Defendant knew or reasonably perceived Plaintiffs' and the buyers' protected characteristics through names, application materials, financial records, interviews, in-person interactions, and communications conducted as part of the cooperative approval process.

20. Defendant repeatedly demanded additional documentation, claimed prior submissions were inadequate, and unpredictably expanded requirements, unreasonably prolonging the review process for Plaintiffs' buyers.

21. Defendant failed to comply with its stated six-week review policy, delaying Plaintiffs' applications for approximately nine weeks without legitimate justification.

22. Plaintiffs' applications were processed more slowly and subjected to heightened scrutiny when compared to other applicants in the same building, subject to the same approval authority and procedures, who were Jewish or perceived as Jewish, including at least one neighboring unit owner whose sale was approved within approximately one week.

23. Defendant applied financial standards inconsistently, selectively rejecting qualified non-Jewish buyers while approving Jewish, perceived-Jewish, or other preferred applicants of certain races for similar units during the same general time period. Defendant mischaracterized financial profiles and disregarded legitimate income sources, tax returns, liquid assets, and cash reserves.

24. Defendant imposed excessive procedural delays, unpredictable requirements, and heightened scrutiny that was not imposed equally on other applicants, creating an economically impracticable and

discriminatory approval process. Defendant also refused to allow Plaintiffs to rent their unit temporarily.

25.     On February 2, 2024, Defendant denied approval of the transfer of cooperative shares for the first fully qualified buyer.

26.     Defendant's conduct caused multiple executed sales contracts to fail, despite buyers being financially qualified and prepared to close.

27.     Defendant's actions were not based on legitimate business judgment or neutral financial discretion, but instead reflected arbitrary, inconsistent, and discriminatory decision-making that departed from Defendant's stated policies and customary practices.

28.     Defendant unlawfully interfered with Plaintiffs' right to sell their dwelling and discriminated based on race, color, national origin, and religion, in violation of *42 U.S.C. § 3604* and applicable state anti-discrimination laws.

29.     As a direct and proximate result of Defendant's acts and omissions, Plaintiffs suffered substantial damages, including lost contract opportunities with values of approximately $400,000, $350,000, $320,000, and $310,000, continued cooperative fees of approximately $45,000, and additional legal and transactional costs.

30.     Plaintiffs also suffered emotional distress, including anxiety, stress, frustration, loss of sleep, and disruption of housing stability and financial planning, as a direct result of Defendant's prolonged delays, repeated denials, and discriminatory conduct.

31.     Plaintiffs seek recovery of actual damages reflecting the net economic and emotional harm caused by Defendant's conduct, as will be proven at trial.

## VII. COUNT I – FAIR HOUSING ACT (42 U.S.C. § 3604)

32.    Plaintiffs incorporate by reference paragraphs 10 through 31 as though fully set forth herein.

33.    Defendant discriminated in the sale of housing by refusing to approve qualified purchasers, imposing unequal terms and conditions, and interfering with Plaintiffs' ability to sell their dwelling because of protected characteristics and perceived protected characteristics, in violation of 42 U.S.C. § 3604(a)–(c).

34.    Defendant's conduct constitutes unlawful discriminatory housing practices under the Fair Housing Act.

## VIII. COUNT II – INTERFERENCE, COERCION, AND RETALIATION (42 U.S.C. § 3617)

35.    Defendant intentionally interfered with Plaintiffs' exercise and enjoyment of rights protected by the Fair Housing Act by obstructing, delaying, and selectively scrutinizing the sale of Plaintiffs' dwelling.

36.    Defendant knowingly imposed burdens and obstacles that it did not impose on similarly situated applicants subject to the same approval authority, supporting an inference of discriminatory intent.

37.    As a direct and proximate result of Defendant's conduct, Plaintiffs suffered financial and emotional damages, including loss of property value estimated at approximately $120,000, continued cooperative fees of approximately $45,000, emotional distress, and additional legal and transactional costs.

## IX. INJUNCTIVE AND DECLARATORY RELIEF

38.    Defendant maintains policies and practices granting broad discretion over housing transactions, which have been applied in a discriminatory and arbitrary manner.

## X. PRAYER FOR RELIEF

39.     Plaintiffs seek declaratory and injunctive relief requiring Defendant to comply with the Fair Housing Act and prohibiting further discriminatory conduct.

**WHEREFORE,** the Plaintiffs respectfully request that this Court:

40.     Enter judgment in favor of the Plaintiffs and against the Defendant;

41.     Award actual damages at trial as follows:

42.     One hundred twenty thousand dollars ($120,000.00) for losses caused by denying qualifying buyers;

43.     Forty-five thousand dollars ($45,000.00) for loss of fees paid to the Co-op, plus interest;

44.     Seventy thousand dollars ($70,000.00) for pain and suffering;

45.     Award compensatory and punitive damages as permitted by law;

46.     Award costs and reasonable legal fees pursuant to *42 U.S.C. § 3613(c)(2)*;

47.     Grant declaratory and injunctive relief as appropriate for future resident; and

48.     Grant such other and further relief as the Court deems just and proper.

**XI. Jury Demand.**

The plaintiffs want a trial where a jury makes the decisions, on all the issues that can be decided in this way. They are asking for a jury to hear their case and make a decision. The plaintiffs demand that a jury is present to decide all the issues they're able to be tried by a jury.

Respectfully submitted,

*Soufiane Naji, Pro Se*                                                                                    Signature
1470 NW 36th Street, Unit 812
Miami, FL 33142
(929) 499-6117

*Peter Philippou Panayi, Pro Se*                                                              Signature
1470 NW 36th Street, Unit 812
Miami, FL 33142
(201) 286-2268                                                                                     Date: *February 7, 2026*